UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America | ) | CR. NO.: 3:02-548-CMC |
|---|---|---|
| v. | ) | |
| | ) | **OPINION and ORDER** |
| Armand Hammond, | ) | |
| Defendant, | ) | |

Defendant has filed a motion for relief pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of both his trial and appellate counsel. The Government has moved for summary judgment, and Defendant has responded in opposition. For the reasons set forth below, the court **grants** the Government's motion for summary judgment and dismisses this motion with prejudice.

**BACKGROUND**

In July 2002, Defendant, together with forty-two (32) co-defendants, was indicted by a federal grand jury for participating in a conspiracy to distribute 5 kilograms or more of cocaine, and 50 grams or more of "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1) and 846.[1] On January 21, 2003, the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Defendant that if he was convicted of the above-referenced offense, he was subject to enhanced penalties based upon two prior qualifying convictions.

Defendant proceeded to trial in March 2003, and was found guilty on May 2, 2003. On March 17 and May 20, 2004, Defendant appeared for sentencing. At sentencing, Defendant lodged several objections, all of which were overruled except as to the inclusion of 5 ounces of cocaine

---

[1]The original indictment was superseded three times to add charges relating to other defendants. However, the charges against Defendant Hammond did not change.

1

powder, which this court ruled could result in double counting. Most significant to the instant motion, Defendant moved, pursuant to U.S.S.G. § 4A1.3, for a downward departure based upon his assertion that his status as a career offender over-represented the seriousness of his prior criminal history. This court, assuming without deciding that it had the authority to depart, denied the motion. Thereafter, Defendant was sentenced to 360 months' imprisonment, to be followed by a term of supervised release of ten years.

Defendant appealed his conviction and sentence. In a consolidated appeal, the Fourth Circuit Court of Appeals determined that this court committed error under *Booker v. United States*, 543 U.S. 220 (2005), and that this error was not harmless as to Defendant. Defendant's sentence was vacated, and the matter remanded to this court for resentencing. *See United States v. Hammond*, 270 Fed. Appx. 236 (4th Cir. 2008).

On July 22, 2008, Defendant appeared for resentencing. After considering the advisory guideline range and the relevant statutory factors, the District Court granted Defendant' motion for a variance and sentenced Defendant to 300 months' imprisonment.

Defendant again appealed. On May 15, 2009, the Fourth Circuit affirmed Defendant's sentence. See *United States v. Hammond*, 327 Fed.Appx. 431 (4th Cir. 2009).

Defendant filed this motion for relief on May 19, 2010, contending that he received ineffective assistance of counsel during resentencing and relating to his direct appeal after resentencing. The Government responded in opposition to Defendant's motion and moved for summary judgment. An order was entered pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Defendant of the importance of and requirements relating to a response. Defendant has filed a response to the Government's motion, and this matter is ripe for resolution.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990), *cert. denied*, 501 U.S. 1223 (1991). In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Id*. at 697. In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Id*. at 689-91.

In applying *Strickland* to claims of ineffective assistance of appellate counsel, this court accords appellate counsel the "presumption that he decided which issues were most likely to afford

relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Appellate counsel is not obligated to assert all nonfrivolous issues on appeal; there is hardly any question about the importance of examining the record and having appellate counsel select the most promising issues for review. *Jones v. Barnes*, 463 U.S. 745, 752 (1983); *see also Smith v. South Carolina*, 882 F.2d 895, 899 (4th Cir. 1989). "'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. at 751; *see also Smith v. South Carolina*, *supra*, 882 F.2d at 899 (counsel's failure to raise a weak constitutional claim may constitute an acceptable strategic decision designed "to avoid diverting the appellate court's attention from what [counsel] felt were stronger claims"). Although it is possible to bring a successful ineffective assistance of appellate counsel claim based on failure to raise a particular issue on direct appeal, the Supreme Court has reiterated that it is "difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id*. at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

For the reasons stated by the Government, which this court finds to be correct and adopts as its findings, Defendant's motion fails. Defendant contends that *United States v. Munn*, 595 F.3d 183 (4th Cir. 2010), provides that he would have been eligible for a reduction in the calculation of his Guidelines range under Amendment 706 to the Guidelines.[2] However, *Munn* was a case before the Fourth Circuit after a district court's denial of a motion for relief under 18 U.S.C. § 3582.

---

[2]This Amendment to the Guidelines allowed for the reduction of the Guidelines range for certain sentences involving cocaine base, or "crack" cocaine.

4

Additionally, as determined by the Fourth Circuit, "a defendant's career offender designation does not bar a §3582(c)(2) sentence reduction based on Amendment 706 if (1) the sentencing court granted an **Overrepresentation Departure** from the career offender guideline range, and (2) the court **relied on the Crack Guidelines** in calculating the extent of the departure." Munn, 595 F.3d at 192 (emphasis added).

Neither of the above circumstances was present in Defendant's case. The court assumed it had jurisdiction and, at the original sentencing, denied Defendant's motion for downward departure based upon overrepresentation of criminal history. Additionally, the extent of the variance granted by this court at resentencing was not based upon the "crack" Guidelines, but rather this court's determination that, based upon his criminal history, his rehabilitative efforts, and the "parsimony" provision of 18 U.S.C § 3553, a sixty-month variance was warranted. Therefore, Defendant could not have been prejudiced by counsel's alleged failure to raise the issues he contends should have been raised.

## CONCLUSION

For the reasons noted above, the Government's motion for summary judgment is **granted** and this motion is dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists

would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

    s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 18, 2010